**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| ERIC D. BULLA, | : | |
| | : | Civil Action No. 10-0801 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PAULA DOW, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

| Petitioner pro se | Counsel for Respondents |
|---|---|
| Eric D. Bulla | Paula Cristina Jordao |
| 486040/289218C | Morris County Prosecutor's Office |
| East Jersey State Prison | Administration & Records Building |
| Lock Bag R | Morristown, NJ 07963 |
| Rahway, NJ 07065-0002 | |

**LINARES**, District Judge

Petitioner Eric D. Bulla ("Bulla"), a prisoner currently confined at East Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The sole respondent is Paula Dow.

For the reasons stated herein, the Petition must be denied.

I.   BACKGROUND

A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a

> On February 7, 2002, Tahida Nelson and Emmabell Aquino attended a party at the College of St. Elizabeth, at which they were students. After the party, they met several friends. As the group was preparing to leave the college grounds, one of their number, Darris Davis, became involved in an argument with defendant, Eric Bulla. Ms. Aquino and Ms. Nelson were able to separate the antagonists, after which Ms. Nelson and Ms. Aquino drove off in one car while the balance of their party left in another. When they stopped at a service station to put air in a tire of one of the cars, two other vehicles pulled into the gas station. Defendant exited from one, pulled a revolver, and pointed it at two of the party, Darris Davis and Bashere Moyd. When Ms. Aquino exited her car, in at [sic] attempt to defuse what she thought was a continuation of the earlier argument, defendant pointed the gun at her. At this point, defendant commandeered Davis' car and left the gas station. Ms. Nelson and three others followed in the other car. While pursuing defendant, Ms. Nelson called 911 to report the situation.
>
> Then ensued a high speed chase which ultimately involved a Chatham patrol officer, Patrolman Gahart. Gahart activated his overhead lights in an attempt to signal defendant to stop, but without effect. Ultimately, the car being driven by defendant crashed and began burning. Defendant exited the car, was chased by Patrolman Gahart on foot and was apprehended by him. A search of the area traversed by defendant revealed a seven-shot Harrington and Richardson twenty-two caliber revolver, which was photographed in situ, and apparently, thereafter, in all dimensions.

(Opinion of Appellate Division at 4-5 (December 19, 2005).)

B.  <u>Procedural History</u>

After trial by jury, Bulla was convicted of first-degree robbery, first-degree carjacking, third-degree unlawful possession of a weapon, second-degree possession of a weapon,

---

person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

second-degree possession of a weapon for an unlawful purpose, three counts of fourth-degree aggravated assault, and second-degree eluding.

After the verdict was entered, Petitioner appealed that sentence to the Superior Court of New Jersey, Appellate Division (docket number A-1224-04T4). The conviction was affirmed on December 19, 2005, but the matter was remanded for resentencing on two counts. The sentence was modified on remand. Certification was denied by the Supreme Court of New Jersey.[2]

Bulla then filed a Petition for Post Conviction Relief (PCR) in the Superior Court of New Jersey on July 27, 2006. On September 14, 2007, the PCR court denied all but one of Bulla's claims and vacated Bulla's conviction for fourth-degree aggravated assault. The PCR decision was affirmed by the Appellate Division on July 8, 2009 (docket number A-5199-07T4). Certification was denied by the Supreme Court of New Jersey.[3]

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a

---

[2] State v. Bulla, 186 N.J. 366 (2006).

[3] State v. Bulla, 200 N.J. 548 (2009).

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court

4

either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000).  See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).  In such instances, "the federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior

to the enactment of AEDPA." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)). "However, § 2254(e)(1) still mandates that the state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." Simmons v. Beard, 581 F.3d q158, 165 (3d Cir. 2009).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting

6

submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

A.  Claims Regarding Trial Court Errors (Grounds 1, 9, 3)

1.  Failure to dismiss gun charges (Ground 1)

Petitioner claims that the trial court erred in failing to dismiss the charges related to a gun that was seized and later destroyed.

It is well-established that the violation of a right created by state law is not cognizable as a basis for federal habeas relief.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 680 (1990))).  Accordingly, Petitioner cannot obtain relief for any errors in state law evidentiary rulings, unless they rise to the level of a deprivation of due process.  Estelle, 502 U.S. at 70 ("'the Due Process Clause guarantees fundamental elements of fairness in a criminal trial'") (quoting Spencer v. Texas, 385 U.S. 554, 563-64 (1967).

For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he

must show that the error was so pervasive as to have denied him a fundamentally fair trial.  <u>Keller v. Larkins</u>, 251 F.3d.

> As to this issue, the Appellate Division held:
>
> Defendant also argues that the gun-related charges should have been dismissed because the gun had been destroyed.  New Jersey recognizes that the destruction of evidence may result in a due process violation.  The existence of such a violation is determined by analyzing whether the destruction was motivated by bad faith, whether the evidence was material to the defense, and whether the defendant was prejudiced.
>
> Defendant concedes that there is no suggestion of bad faith, but contends that New Jersey should abandon that requirement.  We decline to address the issue because it appears evident to us that the failure to produce the gun was not sufficiently material to the defense to warrant a reversal and the State's failure to produce it resulted in no prejudice to defendant.
>
> Defendant argues that his inability to examine the gun prejudiced his defense because he was unable to determine if the gun bore his fingerprints and because he was unable to use the gun to exploit the different descriptions of it given by the various witnesses.  We are not persuaded by either argument.  Defendant did not learn of the destruction of the gun until March 1, 2004, and no attempt had been made to examine it prior to trial.  Indeed, there was never a suggestion that the defense intended, at any time, to examine the weapon for fingerprints.  Moreover, the argument certainly could have been made that the jury should infer that defendant had not handled the gun because the State produced no proof of defendant's fingerprints on it.
>
> Any claim of prejudice relating to the physical properties of the gun was mooted by the introduction of photographs.  Those photographs fully depicted the gun; were available to the jury; and provided a basis, equivalent to any that might have been provided by the actual gun, for any argument defendant might wish to raise.

(Opinion of Appellate Division at 11-12 (December 19, 2005) (citations omitted.)

Petitioner has not demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." As such, all grounds related to trial court error will be denied.

2. Jury instructions (Ground 2, 3)

Petitioner asserts conclusory claims that the trial court failed to charge the jury properly.

Generally, a jury instruction that is inconsistent with state law does not merit federal habeas relief. Where a federal habeas petitioner challenges jury instructions given in a state criminal proceeding,

> [t]he only question for us is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." It is well established that the instruction "may not be judged in artificial isolation," but must be considered in the context of the instructions as a whole and the trial record. In addition, in reviewing an ambiguous instruction ..., we inquire "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. And we also bear in mind our previous admonition that we "have defined the category of infractions that violate 'fundamental fairness' very narrowly." "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."

9

Estelle v. McGuire, 502 U.S. 62, 72-73 (1991) (citations omitted).  Thus, the Due Process Clause is violated only where "the erroneous instructions have operated to lift the burden of proof on an essential element of an offense as defined by state law."  Smith v. Horn, 120 F.3d 400, 416 (1997).  See also In re Winship, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); Sandstrom v. Montana, 442 U.S. 510, 523 (1979) (jury instructions that suggest a jury may convict without proving each element of a crime beyond a reasonable doubt violate the constitutional rights of the accused).

In this case, the state courts did not find any error under state law with the charges, and this Court cannot identify any error on the part of the trial court that would rise to the level of a Constitutional violation.  Petitioner has not shown that his trial was so prejudiced by the failure to give certain jury charges that the principles of fundamental fairness and due process were violated.  Petitioner's conviction did not violate due process and was not fundamentally unfair.  As such, relief on this ground is not warranted.

B.  Claims Regarding Ineffective Assistance of Counsel (Grounds 4,5)

Petitioner argues ineffectiveness of trial counsel, alleging that trial counsel was ineffective because (1) counsel's summation did not address the issue of a handgun permit and (2) counsel did not object to the handgun evidence in light of the destruction of evidence.  Petitioner argues ineffectiveness of appellate counsel, alleging that appellate counsel was ineffective because counsel did not appeal from the judgment of conviction.

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to counsel is "the right to *effective* assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  Strickland at 694.  Counsel's errors must have been "so serious as to deprive the

11

defendant of a fair trial, a trial whose result is reliable." Id. at 687. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Id. at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland. See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective

12

assistance of counsel on a first direct appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). The Strickland standard for effective assistance of counsel applies to appellate counsel. See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

In this case, the state courts examined and rejected Petitioner's numerous ineffective assistance of counsel claims. A review of the state court record reflects that Petitioner was not denied effective assistance of counsel. Since Petitioner's claims on this issue are without merit, all claims regarding ineffective assistance of counsel will be denied.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability shall issue.

## V. CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

S/ Jose L. Linares
Jose L. Linares
United States District Judge

Dated: August 5, 2011